FILED

**Ivan Rene Moore**
**20929 Ventura Boulevard Apt. 47**
**Woodland Hills, CA 91364**
**Plaintiff-Appellant, In Pro Se**

2022 AUG -9 PM 2: 25

CLERK U S DISTRICT COURT
CENTRAL DIST. OF CALIF
LOS ANGELES

BY: _____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE  *Ivan Rene Moore* ) | **Case No. 2:20-CV-10981 JWH** |
| ) | **Bankruptcy Case Number** |
| DEBTOR ~~KIMBERLY MARTIN BRAGG~~ ) | **2:17-bk-12071 MB** |
| ) | **Adversary Case Numbers** |
| IVAN RENE MOORE., an individual(s) et al., ) | **2:17-ap-01089-MB** |
| ) | **APPELLANT'S MOORE'S OPPOSITION TO COURTS OSC RE DISMISSAL FOR LACK OF PROSECUTION OF APPEAL** |
| Plaintiffs-Appellant ) | |
| ) | **APPELLANTS OPENING BRIEF ATTACHED AS (SEE EXHIBIT B)** |
| v. ) | **Hearing Date: TBD** |
| KIMRELY MARTIN BRAGG ., an individual(s) et al., ) | **Time: TBD** |
| Defendants-Appellee ) | **Location: 411 W. 4th Street, Courtroom No. 9D Santa Ana, California 92701** |
| ) | |
| ) | **Presiding: Honorable John W. Holcomb** |

ORIGINAL

**TO THE HONORABLE COURT AND TO ALL PARTIES: APPELLANT-PLAINTIFF**

**IVAN RENE MOORE:** Hereby respectfully files his opposition to the Courts OSC re Dismissal

for lack of prosecution of this appeal filed by Honorable John W. Holcomb on **July 25th, 2022,** docket#14 in this matter.

This appeal was filed December 2nd, 2020, this appellant has been waiting for quite some time to file its Opening Brief in this matter. This Appellant's Opening Brief was completed months ago. There was and is major confusion regarding the case title of this case and documentation and information provided in the Case Summary involving this appeal.

This Appellant Ivan Rene Moore hired a person to assist in early June 2022 with the scheduling and charting all the case information and due dates for the various document filings this appellant is involved including this appeal. Appellant's assistant became ill with Covid and other related illnesses late July and has not returned yet.

If this Court reviews the Case Summary the Case Summary states, that the Appellee's are Ronald Hills and Devra Allen, respectfully. This information, which is totally incorrect, this appellant has never had an appeal against Hills or Allen. The Appellant's assistant did mention the appeal in Moore v Hills, and I informed her there was no such appeal. This may have caused the confusion and problem. I forgot to cross reference the Moore v Hills related to the Moore v Jones appeal. She might have inadvertently discarded the information.

This Appellant brought this to the attention to the Court's and the Court's Clerk on **5/25/2021 Docket # 10.**, over a year ago with no response from the Court's Clerk. As of today 8/8/22, the incorrect Case Summary is still listed incorrectly as Moore v Hills and Allen. **(See Exhibit A)**

//

//

The appellees are in fact Jerrel Jones and others, therefore, I am sure it was confusing to my assistant as well as confusing to this appellant what appeal the Court was and is referring. Also, this Appellant did not receive the trial briefing schedule and or its was misplaced, discarded and or not properly filed or scheduled, prior to the illness of my assistant.

I am aware that the responsibility is still my responsibility. Based on my responsibilities in this appeal. I informed the court of the incorrect information regarding the incorrect title and naming of this case and appeal on **5/25/2021 Docket # 10.**, this appellant informed the Court and the Court Clerk's office regarding the incorrect title and information, and as of today it is still incorrectly stated Moore v Hills.

This Appellant was and is involved in various federal bankruptcy actions and appeals and state court matters along with extensive dental surgery and other day to day work related issues. This Appellant has not taken a back burner approach to this appellant's responsibility in this matter.  This appellant had in fact finished his Opening Brief months ago waiting for the trial scheduled to file this Appellant's Opening Brief in this Appeal.

The Court file its OSC on July 25th, 2022, this Appellant received this Court's OSC via US Mail on the afternoon of May 1st, 2022. This Appellant's Opening Brief is attached to this reply. **(See Exhibit B)**

This should be clear to this court that this Appellant's Opening Brief was in fact completed as stated by this appellant some time ago.  This Appellant respectfully requests that this court vacate is OSC for Lack of Prosecution excepts and allows the filing of the attached Opening Brief in this matter. **(See Exhibit B)**

This Court should be aware that this appellant has always timely responded to any and all documentation provided by this Court. There was an issue regarding the transcript which was incorrect and corrected by this appellant.

This Court on 1/12/21 filed a Notice of Discrepancy regarding the related transcript, when in fact the Notice of transcript was filed, and the transcript was in the possession of this appellant.

There are still today issues regarding the caption of the case summary in this appeal. The appellees are not Allen or Hills, the appellees are Jerrel Jones and others not including Hills or Allen.

This case Moore v Hills was inadvertently not properly listed based on the fact my assistant was unaware that the case was actually Moore v Jones. This Appellant was also confused and misinformed regarding the time of the filing of this Appellant's Opening Brief in this appeal. After review of the Case summary, it still incorrectly states Ivan Rene Moore v Ronald Hills.

For the record this Appellant's Opening Brief in this appeal was completed and ready for filing had not been for the confusion regarding the name of the appeal. The Appellant's Opening Brief would have been filed timely.

The incorrect title of the Appeal case and order was the major cause for the confusion. For this confusion this appellant Ivan Rene Moore apologizes to this Honorable Court and staff for the confusion regarding the filing of Appellant's Opening Brief.

Notwithstanding that appellant was not in control of the Case Summary and this appellant did inform the Clerk of the Court of the incorrect case summary titling on **5/25/2021 Docket # 10**.

**Respectfully Submitted**

**Dated August 8th, 2022**

**Ivan Rene Moore**
**Appellant in Pro Per**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I
### Introduction

A dismissal of this appeal would be unfair based on the information provided herein. It is clear that the Case Summary in this appeal is as of today incorrect and confusing. It is also clear that this Appellant filed this appeal on December 2nd, 2020, almost 2 years and have been waiting to file appellant's Opening Brief in this appeal which had been completed months ago.

The failure of the filing of this appellant Opening Brief timely was excusable neglect based on the information provided herein. Also, there is no harm to the appellees in this matter and only harm would be to this Appellant in this matter if this appeal were to be dismissed without adjudication on the merits. This information is clear that this Appellant was confused about the requirement of service. The Ninth Circuit Court of Appeal is controlling over the District Courts, and it states as follows.

In the Ninth Circuit, "[a]t a minimum, 'good cause' means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "[G]ood cause generally means that service has been attempted but not completed, or that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998) (internal quotation marks omitted).

Absent good cause, courts have discretion "to extend the time for service or to dismiss the action without prejudice." *In re Sheehan*, 253 F.3d at 513. The Ninth Circuit has not set forth specific factors to consider in making discretionary determinations under Rule 4(m). *Id.*

However, the Ninth Circuit has noted that "a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (internal quotation marks omitted).

It is clear that this confusion was not this appellant's fault, and the incorrect information and the failed to timely file this appellant's Opening Brief was and is excusable neglect. Therefore, this court should under the law dismiss this Courts OSC and allow this appellant to file its Opening Brief in this matter, that is attached to this motion.

## II

## ARGUMENT

It is clear that there is and was confusion regarding the parties and the appeal in this matter is excusable neglect. This Court is well aware that the Case Summary states that the case is Moore v Hills, when in fact the case is Moore v Jones. This confusion regarding the incorrect title of this case that has been this way for years. This appellant was proactive to clear up the confusion and informed the Court's clerk and the Court on **5/25/2021 Docket # 10**.

This was the seed that started the confusion in this matter. Additionally, this Appellant brought this information to the District Court clerk's office and as of today the incorrect information stand as of today and has not been corrected or adjusted

//

//

**CONCLUSION**

Based on the foregoing reasons, Plaintiff respectfully requests this Honorable Court dismiss its OSC filed on **July 25th, 2022, Docket# 14** and allows this Appellant to file the attached Opening Brief in this matter and allows this very important Appeal to be decided on its merits as required by law and fairness under the law.

Respectfully Submitted

Dated August 8th , 2022

Ivan Rene Moore
Appellant in Pro Se

## DECLARATION/AFFIDAVIT OF IVAN RENE MOORE

I, Ivan Rene Moore declare as follows:

At all times herein mentioned I am an individual over eighteen (18) years of age, residing in the County of Los Angeles, California.  I make this Declaration/Affidavit based on my personal knowledge and of sound mind and if called and sworn, I could and would competently testify to the following:

1. I am the Appellant in this Appeal this is my declaration/ Affidavit in this matter.

2. I never received the notice of the date for the filing of Appellant's Opening Brief in this appeal case Moore v Jones.

3. This is an appeal that was filed December 2nd, 2020.

4. This appellant has been waiting for quite some time to file its Opening Brief in this matter.

5. This Appellant's Opening Brief was completed months ago.

6. There was and is major confusion regarding the Title of this case and documentation and information provided in the Case Summary involving this appeal.

7. This Appellant Ivan Rene Moore hired a person to assist in early June 2022.

8. This person was hired to assist with the scheduling and charting of all the case information and due dates for the various documents that needed to be timely filed in this appellant's various legal matters.

9. Also matters involving and including this appeal.

10. Appellant's assistant became ill with Covid and other related illnesses late July and has not returned yet.

11. I have reviewed the Case Summary in this matter.

12. As of today, the Case Summary states that the Appellee's are Ronald Hills and Devra Allen, respectfully.

13. This information, which is totally incorrect, this appellant has never had an appeal against Hills or Allen.

14. The Appellant's assistance did mention the appeal in Moore v Hills.

15. I informed my assistance that there was no such appeal.

16. This may have caused the confusion and problem.

17. I did forget to cross reference the Moore v Hills related to the Moore v Jones appeal.

18. My assistant may have discarded the information based on me stating that there was no appeal for Moore v Hills.

19. I have been very diligent in this Appeal process to make sure this appeal stays on a timely path per the Federal Rules of Court.

20. Based on the forgoing and the attached exhibits and written information and Declaration/Affidavit this Appellant is respectfully requesting this Court to vacate its OSC and allow this Appellant Ivan Rene Moore to file this appellant's attached Opening Brief.

I declare under penalty of perjury the above is true and correct under the laws of the United States of America.  Dated: August 8th, 2022



IVAN RENE MOORE

**PROOF OF SERVICE**

I, the undersigned, declare that I am employed in the city of Los Angeles, California. I am over the age of eighteen (18) years and I am not a party to the within action.

**On August 8ᵗʰ 2022, I served the following document:**

**APPELLANT'S MOORE'S OPPOSITION TO COURTS OSC RE DISMISSAL FOR LACK OF PROSECUTION OF APPEAL AND APPELLANT'S OPENING BRIEF ATTACHED AS (SEE EXHIBIT A)**

**SEE SERVICE LIST**

[X]   BY MAIL- I placed each such sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Los Angeles, California, following ordinary business practices.

[ ]   STATE- I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.**

**DATED: August 8ᵗʰ 2022,**

Stan Bethel

**SERVICE LIST**

**Regis Guerin**
**The Guerin Law Firm**
**4667 MacArthur Boulevard**
**#300**
**Newport Beach, CA 92660**
**LEAD ATTORNEY**


**Ronald Hills**
**1236 Redondo Blvd**
**Los Angeles, California 90019**

# EXHIBIT

# A

**IVAN RENE MOORE**
**20929 Ventura Blvd # 47**
**Woodland Hills, CA 91364**
**Phone: (323) 932-9439**
**Ivan Rene Moore In Pro Se**

FILED
CLERK, U.S. DISTRICT COURT

MAY 2 5 2021

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION BY DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CENTRAL DISTRICT

| | |
|---|---|
| **IVAN RENE MOORE.**, an individual(s) et al., | ) **Case No. 2:20-CV-10981-JWH** |
| | ) |
| Plaintiffs-Appellant | ) **Bankruptcy Case Number** |
| | ) **1:17-bk-12071-MB** |
| | ) **Adversary Case Number** |
| | ) **1:17-ap-01088-MB** |
| v. | ) |
| | ) **APPELLANT'S MEMORANDUM** |
| **JONES.**, an individual(s) et al., | ) **OF POINTS AND AUTHORITIES** |
| Defendants-Appellees. | ) **IN SUPPORT OF APPELLANT'S** |
| | ) **MOTION FOR OFFER OF PROOF** |
| | ) **AS TO THE EVIDENCE OF** |
| | ) **PARTIES NAMED AS APPELLEES** |
| | ) **ON THE CAPTION PAGE OF** |
| | ) **APPELLANT'S ORDER TO SHOW** |
| | ) **CAUSE** |
| | ) |
| | ) **HEARING: July 9th, 2021** |
| | ) |
| | ) **COURT ROOM: #2** |
| | ) |

ORIGINAL

**TO THE HONORABLE COURT AND TO ALL PARTIE AND ATTORNEYS OF**

**RECORDS:**

**PLEASE TAKE NOTICE THAT:** on July 9, 2021, at 9:00 a.m., or thereafter as the

matter may be heard, in Courtroom Two (2) of the above-referenced Court located at: 3470 12

1

1  Street, Riverside, California 92501 Appellant/Plaintiff, Ivan Rene Moore, will and does hereby

2  move this Court, pursuant to *Federal Rule of Civil procedure 103*, for an order of "Offer of

3  Proof" as to Ronald Hills and Devra Allen proffered as evidence and Appellees in the instate

4  Appeal and in the District Court's Order to Show cause dated April 19, 2021. **(See Exhibit A).**

5
6      This motion is also made on the grounds that Ronald Hills and Devra Allen were not

7  Defendants in Appellant's Adversary Proceeding Complaint in **Adversary Case Number**

8  **1:17-ap-01088-MB** and as such, Ronald Hills and Devra Allen are not parties in this Appeal.

9

10     This Motion is based upon the Court's file in this matter, the pleadings, and records on

11 file herein, this Notice of Motion, the accompanying Memorandum of Points and Authorities,

12 Declaration of Appellant, Ivan Rene Moore, along with such other and further oral and

13 documentary evidence as may be presented at the hearing thereon.

14

15

16 Dated: May 19th  2021

17                                                    Ivan Rene Moore,

18                                                    Appellant/Plaintiff, In Pro per

19

20

21

22

23

24

25

26

27

28

Case 2:20-cv-10981-JWH   Document 10   Filed 05/25/21   Page 3 of 11   Page ID #:214

## MEMORANDUM OF POINTS AND AUTHORITIES

### I-Introduction

On or about 8/3/2017 Appellant commence his Bankruptcy and subsequent Adversary proceeding in *Moore v. Jones*, et al. in the bankruptcy case number 1:17-ap-01088-MB and bearing Appeal case number: 2:20-CV-10981-JWH. Even though Appellant has been very diligent in the prosecuting his Appeal, on April 19, 2021, the District court presided by Hon. Judge John W. Holcomb, on information and belief, purposely, unlawfully, and knowingly proffer as Evidence of Appellees and thereafter altered Appellant's caption page as: *Moore v. Ronald Hills and Devra Allen as Appellees* when the United States District is knew or should have known that that *Ronald Hills and Devra Allen* are not Parties in Appellant's Adversary complaint and not parties in Appellant's appeal herein. Regrettably, Appellant respectfully call into question the United States District court mischaracterization of Appellant's Appellate caption page and seek an offer of proof as to why the Evidence of *Ronald Hills and Devra Allen as appellees in the* instant Appeal should not be withdrawn.

### II    Argument

A Party may claim error in a ruling to admit or exclude evidence if the error affects a substantial right of the party. (*Please see*, Federal Rule of Evidence 103.). In the present case, the court excluded Jerrel Jones; Courier Communication Corporation; Ernestine Jones; Sandra Robinson/Jones; Dave Janzen; Homer Blow; Michelle Luckett Pitts; The New Pitts Mortuary; Sherwin Hughes; WNOV-AM Radio Station; The Milwaukee Courier; Bill Stewart; Urban Marketing; Samuel Taylor; Maureen Brooks; Tony Trujillo; and Does 1 thru rough 50, inclusive, **also known as *Jones, et.al*.** *but*, instead added Ronald Hills and Devra Allen as Appellees. Appellant seeks to exclude Ronald Hills and Devra Allen as appellees in the instant appeal and because Ronald Hills and Devra Allen are not parties in Appellant's Adversary proceeding complaint, the subject of this Appeal and as such cannot lawfully be Appellee as the District

1   Court claimed them to be.   By proffering Ronald Hills and Devra Allen as Appellees in the

2   instant Appeal, Appellant, Ivan Rene Moore's substantial right will be prejudiced and

3   substantially curtained because Appellant will be unable to Draft and submit an effective, cogent,

4   and cognizable appeal to obtain the remedy sought.

5

6   **III   Conclusion**

7          Based on the forgoing reason, Appellant respectfully request an Offer of proof as to why

8   the District Court proffered Ronald Hills and Devra Allen as evidence of Appellees in the Instant

9
    Appeal instead of the correct parties that were properly and clearly listed many times for many
10
    years in this case number **2:20-CV-10981-JWH and 1:17-ap-01088-MB.**
11

12

13  Respectfully Submitted:

14
    **Dated: May 19ᵗʰ , 2021**
15

16

17
    **Ivan Rene Moore**
18  **Appellant in Pro se**

19

20

21

22

23

24

25

26

27

28

### DECLARATION/AFFIDAVIT OF IVAN RENE MOORE

I, Ivan Rene Moore declare as follows:

1. Ronald Hills and or Devra Allen are not the appellees in this action.
2. Ronald Hills and or Devra Allen are not Defendants in Appellant's Adversary
3. Proceeding complaint, the subject of this appeal.
4. If the court insist on having Ronald Hills and or Devra Allen as appellees in this
   Appeal, my rights will be affected substantially.
5. If the court insist on having Ronald Hills and or Devra Allen appellees in this appeal,
   I will not have effective argument on my Appeal because neither Ronald Hills nor
   Devra Allen caused any injury for which I am seeking remedy in this Appeal.

I declare under the penalty of perjury that the above is true and correct under the laws of
the United States of America and under the Laws.

Dated: May 19th, 2021

IVAN RENE MOORE

5

**PROOF OF SERVICE**

I, the undersigned, declare that I am employed in the city of Los Angeles, California. I am over the age of eighteen (18) years and I am not a party to the within action.

On May 21st, 2021, **I served the following document:**

**APPELLANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPELLANT'S MOTION FOR OFFER OF PROOF AS TO THE EVIDENCE OF PARTIES NAMED AS APPELLEES ON THE CAPTION PAGE OF APPELLANT'S ORDER TO SHOW CAUSE**

**SEE SERVICE LIST**

[X]   BY MAIL- I placed each such sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Los Angeles, California, following ordinary business practices.

[ ]   STATE- I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**I declare under penalty of perjury under the laws of the United States of America**

**the foregoing is true and correct.**

**DATED:** May 21st, 2021



Stan Bethel

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST

### SNELL & WILMER

600 Anton Blvd. Suite 1400

Costa Mesa California 92626

Attn: Joshua Partington Esq.

Attorney For

Wells Fargo, Assets Reliance, Craig Hanson, Edward Testo

Ronald Hills
1236 Redondo Blvd
Los Angeles, California 90019

Devra Allen
6230 Wilshire Blvd, #1111
Los Angeles, CA 90048

Exh. A



1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11   IVAN RENE MOORE,                    Case No. 2:20-cv-10981-JWH

12              Debtor,

13   IVAN RENE MOORE,                    ORDER TO SHOW CAUSE
                                         REGARDING APPELLANT'S
14              Appellant,               FAILURE TO FILE NOTICE OF
                                         TRANSCRIPT
15        v.

16   RONALD HILLS,
     DEVRA ALLEN,
17
                Appellees.
18

19
20
21
22
23
24
25
26
27
28

1    The appeal in the above bankruptcy matter has been assigned to this
2    Court. Rule 8001(a) of the Federal Rules of Bankruptcy Procedure requires that
3    the appellant file notice of the appeal with the Clerk of the Bankruptcy Court
4    within 14 days of the date of entry of the Order, Judgment, or Decree from
5    which the appeal is taken. Then, within 14 days after filing the notice of appeal,
6    the appellant must:

7         **(A)** order in writing from the reporter, as defined in Rule 8010(a)(1),
8              a transcript of such parts of the proceedings not already on file as the
9              appellant considers necessary for the appeal, and file a copy of the
10             order with the bankruptcy clerk; or

11        **(B)** file with the bankruptcy clerk a certificate stating that the
12             appellant is not ordering a transcript.

13   Fed. R. Bankr. P. 8009(b)(1)(A)(B). Pursuant to Bankruptcy Rule 8001(a),
14   "Failure of an appellant to take any step other than the timely filing of a notice
15   of appeal does not affect the validity of the appeal, but is ground only for such
16   action as the district court . . . deems appropriate, which may include dismissal
17   of the appeal." Fed. R. Bankr. P. 8001(a).

18        Here, Appellant failed to complete either of the requisite steps under
19   Bankruptcy Rule 8009(b)(1).[1] Accordingly, Appellant is ordered to show cause
20   in writing, on or before May 3, 2021, why this appeal should not be dismissed for
21   lack of prosecution. This OSC will be discharged if the required action has been
22   taken by the date above.

23        **IT IS SO ORDERED.**

24

25   Dated: April 19, 2021

26                                        John W. Holcomb
                                          UNITED STATES DISTRICT JUDGE
27

28   [1]    *See* Notice of Document Deficiency [ECF No. 6].

-2-

PRIORITY MAIL
FLAT RATE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL



Ivan Rene Moore
20929 Ventura Blvd # 47
Woodland Hills, Ca 91364



MAY 2 5 2021

Edward R. Roybal Federal Building
United States Courthouse
255 East Temple Street
Los Angeles, CA 90012-3332
Document Filing Window

To schedule free
Package Pickup,
scan the QR code.

USPS.COM/PICKUP

UNITED STATES

U.S. POSTAGE
$7.70
PM 1-DAY
90036 0005

05/24/21

PRIORITY MAIL 1-DAY®

3.40 oz
0005

C032

EXPECTED DELIVERY DAY: 05/25/21

SHIP
TO:
255 E TEMPLE ST
Los Angeles CA 90012-3332

USPS TRACKING® NUMBER

9505 5066 6491 1144 3450 68


P S00001000014

EP14F Oct 2018
OD: 12 1/2 x 9 1/2



This envelope is made from post-consumer waste. Please recycle - again.

# EXHIBIT

# B

US DISTRICT COURT CASE NO. 2: 20 -CV-10981
US BANKRUPTCY COURT CASE NO.  1:17-BK-12071-mb
US BANKRUPTCY COURT ADVERSARIAL CASE NO.  1:17-AP- 01089

---

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT CALIFORNIA

---

IN RE IVAN RENE MOORE, DEBTOR

ADVERSARIAL ACTION APPEAL

IVAN RENE MOORE
Plaintiff-Appellant,
v.
JEROLD JONES, et al.
Defendants-Appellees.

---

On Appeal from the United States Bankruptcy Court
for the Central District of California

---

**APPELLANT'S OPENING BRIEF**

---

Ivan Rene Moore
20929 Ventura Boulevard Apt. 47
Woodland Hills, CA 91364
Plaintiff-Appellant, In Pro Se
(323) 932-9439

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**

I.  INTRODUCTION AND STATEMENT OF FACTS................................1

II.  ARGUMENT ...............................................................................5

A.  THE LOWER COURT DID NOT ACCEPT THE ALLEGATIONS OF
THE THIRTEENTH CAUSE OF ACTION AS TRUE
WHEN THE FACTS ALLEGED HAPPENED WELL AFTER THE PRIOR
THIRD-PARTY ACTION IN WISCONSIN.....................................5

B.  THE CAUSES OF ACTION WERE ALL TIMELY BECAUSE MR.
MOORE HAD TWO BANKRUPTCIES DURING THIS PERIOD AND
THAT TOLLED THE STATUTES OF LIMITATION.......................10

C.  APPELLANT COULD PLEAD ONLY WHAT HE KNEW AND
INVESTIGATED ON SOME OF DEFENDANTS BECAUSE
DEFENDANTS HAD POSSESSION AND CONTROL OF PAPERS AND
THE COURT ERRED IN DISMISSING HIS CAUSES OF ACTION FOR
THIS...................................................................................15

D.  DISMISSAL UNDER FRBP RULE 41 WAS ERROR..................20

//
//
//
//

i

E.    THE LOWER COURT ERRED ON ISSUE AND CLAIM
PRECLUSION BECAUSE FIRST AMENDED COMPLAINT WAS
ABOUT THE RENTAL MONIES, THE DEBT OWED TO MR. MOORE
AND THE CONVERSION OF THE PROPERTIES;  NOT THE REAL
PROPERTY……………………………………………………………..27

F.    THE LOWER COURT DENIED MR. MOORE DUE PROCESS AND
DISPLAYED BIAS……………………………………………………28

G.   DENIAL OF DISCOVERY WHEN THE DOCUMENTARY
EVIDENCE WAS IN THE HANDS OF THE DEFENDANTS RESULTED
IN SUBSTANTIAL PREJUDICE………………………………………28

H.   THE LOWER COURT DENIED MR. MOORE DUE PROCESS AND
HIS RIGHTS UNDER THE FIRST AMENDMENT TO HAVE A FREE
AND BIASED COURT…………………………………………………30

III.  CONCLUSION………………………………………………………..35

**TABLE OF AUTHORITIES**

*CASES*

*AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631 (9 th Cir. 2012)*............*9*

*Amadasu v. The Christ Hosp., 514 F.3d 504, 506 (6th Cir. 2008)*.........................*5*

*Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 895 (9th Cir. 2011)*...*5*

*Armstrong v. Manzo, 380 U.S. 545, 552 (1965)*......................................................*33*

*Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001)*..*5*

*Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*.................................................................*6*

*Avila v. Spokane Sch. Dist. 81, 852 F.3d 936, 939 (9th Cir.2017)*........................*12*

*BCE West,. L.P., 319 F.3d 1166 (9th Cir. 2003)*.....................................................*14*

*BE & K Construction Co. v. NLRB, 536 U.S. 516 (2002)*......................................*32*

*Baldwin v. Hale, 68 U.S. (1 Wall.) 223, 233 (1863)*...............................................*32*

*Bell Atl. Corp. v. Twombly 550 U.S. 544 (207)*.........................................................*6*

*Benavidez v. Cty. of San Diego, 993 F.3d 1134, 1141 (9th Cir. 2021*....................*16*

*Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731 (1983)*.............................*32*

*Bird v. Dep't of Hum. Servs., 935 F.3d 738, 743 n.5 (9th Cir. 2019)*....................*12*

*Bridge Aina Le'a, LLC v. Land Use Comm'n, 950 F.3d 610, 624 (9th Cir. 2020)*.*16*

*California Dep't of Social Servs. v. Leavitt, 523 F.3d 1025 (9th Cir. 2008)*..........*29*

*California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508 (1972)*......*31*

*Childress v. Darby Lumber, Inc., 357 F.3d 1000, 1009 (9th Cir. 2004)*...............*29*

*Columbia Natural Res., Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995)*...........*5*

*Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)*......................................*6*

*Cudd v. Crownhart, 122 Wis.2d 656(1985)*.................................................................*8*

*De Jonge v. State of Oregon, 299 U.S. 353, 364, (1937)*.........................................*31*

*Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011)........................16

*Duct-O-Wire Co. v. U.S. Crane, Inc.* 31 F.3d 506 (7th Cir. 1994)......................7

*Ex parte Virginia*, 100 U.S. 339 (1880)...................................................33

*Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058 (9th Cir. 2016).............29

*Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002)...................10

*Fuentes v. Shevin*, 407 U.S. 67, 80–81 (1972)...........................................33

*Hall v. Norton*, 266 F.3d 969, 977 (9th Cir. 2001)......................................29

*IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1119 (9th Cir. 2020).........................29

*In re Brace*, 979 F.3d 1228, 1232 (9th Cir. 2020)........................................12

*Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, (9th Cir. 2011)................................9

*Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123 (1951)...............33

*Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007).......................................16

*Knievel v. ESPN*, 393 F.3d 1068, 1072 (9 th Cir. 2005).....................................16

*Laub v. United States Dep't of Interior*, 342 F.3d 1080 (9th Cir. 2003) .............29

*Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)...................................10

*Livingston Sch. Dist. v. Keenan*, 82 F.3d 912, 915 (9th Cir. 2006).....................13

*MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1125
(9th Cir. 2013) ...........................................................................13

*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).................................................32

*Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).....................................6

*Matter of 8Speed8, Inc.*, 921 F.3d 1193, 1195 (9th Cir. 2019).........................12

*Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014(9th Cir. 2019)........28

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75(1984).........................27

*Minnesota Board for Community Colleges v. Knight*, 465 U.S. 271 (1984) ........31

 *Moore v. Yakimba County*, 954 F 2d. 409 (9 th Cir. 1991)…………………….

*NTCH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1180 (9th Cir. 2019)..................28

*New York Times Co. v. Sullivan*, 376 U.S. 254, (1964).......................................31

*Northwest Airlines, Inc. v. Camacho*, 296 F.3d 787, 789 (9th Cir. 2002)..........12

*Oja v. U.S. Army Corps of Engineers, 440 F.3d 1122, 1127 (9th Cir. 2006).....12*

*Pagtalunan v. Galaza, 291F. 3d (9th Cir. 2002)*

*Preminger v. Peake, 552 F.3d 757, 768 n.10 (9th Cir. 2008)..............................29*

*Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.,*

*508 U.S. 49(1993).........................................................................................32*

*Pure Milk Prods. Coop. v. National Farmers Org., 280 N.W.2d 691, (1979).......7*

*Rouse v. United States Dep't of State, 567 F.3d 408, 415 (9th Cir. 2009)...........12*

*Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc. (2017).......................9*

*Cal.5th 505 San Remo Hotel, L.P. v. San Francisco City &amp; Cty., 364 F.3d*

*1088 (9th Cir 2004...................................................... ....................27*

*Shank V. William Hague Inc 192 Fed. 3 rd 675 (1969).........................................7*

*Subramanian v. QAD, Inc., 494 Fed. Appx. 826 (9 th Cir. 2012)*

*Sure-Tan, Inc. v. NLRB, 467 U.S. 883, 896-97 (1984).........................................32*

*Telink, Inc. v. United States, 24 F.3d 42, 46 (9th Cir. 1994)..............................13*

*Thomas v. Collins, 323 U.S. 516 (1945)...............................................................31*

*Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053*

*(9th Cir.2004).....................................................................................................9*

*United Mine Workers of America v. Illinois State Bar Association 389 US*

*217(1967).........................................................................................................30*

*Vorleamesi v. Esper, 2021 WL 3681163 (D. Md. Aug. 19, 2021)..........................17*

*Wojciechowski v. Kohlberg Ventures, LLC, 923 F.3d 685, 689 (9th Cir. 2019)..27*

**US CONSTITUTION**

*First Amendment.....................................................................................................31*

*Fourteenth Amendment...........................................................................................31*

*//*

*//*

*//*

*//*

*US STATUTES*

*11 U.S. Code § 108*.................................................................................*10*

*15 U.S.C. § 1125(a)(2)*...........................................................................*14*

*18 U.S.C. § 1961*....................................................................................*15*

*28 U.S.C. 1746*.......................................................................................*26*

*FRBP Rule 41*.........................................................................................*21*

*FRBP Rule 9011*.......................................................................*23,24,25,26*

*FRCP Rule 12(b)(6)*.........................................................................*5,6,15*

*FRCP Rule 12 ©*......................................................................................*20*

*FRCP Rule 12(d)*...............................................................................*17,18*

*FRCP Rule 41*

*FRCP Rule 56* ...................................................................................*18,19,20*

*CALIFORNIA*

*WISCONSIN*

*Wis. Stat. § 100.18*.................................................................................*14*

*Wis. Stat. § 706.13(1)*............................................................................*14*

*Wis. Stat. §  895.446*.............................................................................*14*

*Wis. Stat. §  943.20.49*..........................................................................*14*

*Wis. Stat. § 946.82*............................................................................*14,15*

*OTHER AUTHORITIES*

*A Philosophy of Evidence Law: Justice in the Search for Truth " Oxford University*
*Press*.....................................................................................................*23*

*SOME KIND OF HEARING" an expansion of the Owen J. Roberts Memorial*
*Lecture delivered at the University of Pennsylvania Law School on April 3, 1975,*
*Judge Henry Friendly*............................................................................*34*

# I.

## INTRODUCTION AND STATEMENT OF FACTS

Appellant, Ivan Rene Moore, brought the underlying adversary proceeding.

He filed his voluntary chapter 11 petition on August 3, 2017.  On November 7,

2017, Moore filed his adversarial complaint (the "Complaint") in asserting thirteen

causes of action against sixteen defendants.  Adv. Dkt. 1. Ten of those defendants,

Jerrel Jones, Courier Communications Corporation dba WNOV Radio Station

("Courier"), Urban Marketing Group, LLC ("UMG"), Milwaukee Courier, Inc.

(the "Newspaper") Ernestine Jones, Sandra Robinson-Jones ("Robinson-Jones"),

Homer Blow ("Blow"), Sherwin Hughes ("Hughes"), New Pitts Mortuary, LLC

(the "Mortuary") and Michelle Luckett Pitts ("Luckett Pitts"), collectively the

"Jones Defendants" .

The complaint alleged , alleging that they conspired to defraud him and steal

his personal property, radio station business, including the real property on which

the radio station and radio tower stood and all the attendant tangible  business and

personal property  and other  intangible property used to run the business. Moore

alleged that the defendants disparaged him as a businessman and stole his clients

and his business. Moore initially purchased the business from the Defendants and

the business property, but when he had to repair the building and replace the radio

1

equipment which was all stolen property. Also the property was confiscated by the Milwaukee Police Department as stolen property.

Mr Moore had to buy all new computers and equipment which costs over $500,000., and had broadcasting and recording equipment shipped from California to Wisconsin. Additionally, Mr. Moore paid the defendant Jones, $850,000 and Jones after ending the contract. Jones has admitted under oath to still owing Mr. Moore over $400,000., for resending the sales agreement.

The Jones Defendants brought a Motion seeking dismissal of the Complaint pursuant to Rule 12(b)(b)(6) and (b)(7) of the Federal Rules of Civil Procedure. On January 29, 2020, the Court entered its Memorandum of Decision Dismissing Complaint, etc. (the "Dismissal Memorandum") and on January 30, 2020, entered its order granting the motion to dismiss (the "Dismissal Order"). Adv. Dkt. 93, 96. The Dismissal Order granted Moore leave to amend the Original Complaint only as to certain claims and only as to defendants Ernestine Jones ("Jones"), Sherwin Hughes ("Hughes"), and Michelle Luckett Pitts ("Luckett Pitts" and, collectively with Jones and Hughes, the "Remaining Defendants"). The Dismissal Order expressly required that "Moore's amended complaint shall be filed and served no later than February 28, 2020."

On January 29, 2020, the Court also entered its Omnibus Order on Motions for Sanctions, etc. holding that Moore violated Rule 9011 when he signed and filed the Original Complaint (the "Sanctions Order"). Adv. Dkt. 95. The Court assessed sanctions in the amount of $4,700 and ordered Moore to pay the sanctions within thirty calendar days of entry of the Sanctions Order. Id.

The Sanctions Order was served on Moore on January 31, 2020. Adv. Dkt. 98. On February 11, 2020, Moore filed his Notice of Appeal from the Dismissal Order, which attached a copy of the Dismissal Order. Adv. Dkt. 100 at 49-52. On February 19, 2020, Moore filed a Request for Extension of Time to File First Amended Complaint (the "Extension Motion") Adv. Dkt. 117.

Moore failed to file and serve any notice of the Extension Motion. Under the Court's Local Bankruptcy Rules, every motion must either be set for hearing (and notice of the both the motion and the hearing filed and served pursuant to Rule 9013-1(d)) or, alternatively, must be filed on "negative notice" (and notice of the motion filed and served pursuant to Rule 9013- 1(o)). LBR. 9013-1(d), (o). Moore did neither with respect to his Extension Motion. Therefore, on February 28, 2020, the Court entered its Order Requiring Plaintiff to File and Serve Notice of Plaintiff's Request for Extension of Time to File First Amended Complaint (the "Order Requiring Notice"), which identified the Local Bankruptcy Rules available to Moore to properly notice the Extension Motion. The Order Requiring Notice

was served on Moore on March 1, 2020. Adv. Dkt. 118, 119. That order required

Moore to file and serve notice of his Extension Motion no later than March 6,

2020. On March 10, 2020, Moore filed a new motion requesting an extension of

the February 28, 2020 deadline on negative notice pursuant to Local Bankruptcy

Rule 9013-1(o) (the "Second Extension Motion"). Adv. Dkt. 123.

Moore never filed a declaration of non-opposition to that motion and never

lodged an order on that motion as required under the Local Bankruptcy Rules.

LBR 9013-1(o)(3). Thereafter, on April 1, 2020, Moore filed his First Amended

Complaint (the "FAC") against the Remaining Defendants seeking damages of

approximately $196 million. Adv. Dkt. 127. The FAC asserts state law claims for

fraud, trespass to chattel, unfair business practices, breach of implied contract,

negligence and claims under both the federal RICO statute and Wisconsin's analog

RICO statute. The Remaining Defendants brought a Motion seeking dismissal of

the FAC pursuant to Rules 12(b)(1), (b)(6) and 41(b) of the Federal Rules of Civil

Procedure (the "Motion"). Adv. Dkt. 128.

The Motion was granted without leave to amend on November 19, 2020. ( Adv

Doc 139)  And Appellant filed his Notice of Appeal and Statement of Election to

U.S. District Court on December 1, 2020.

## II. ARGUMENT

### A.  THE LOWER COURT DID NOT ACCEPT THE ALLEGATIONS OF THE THIRTEENTH CAUSE OF ACTION AS TRUE  WHEN THE FACTS ALLEGED HAPPENED  WELL AFTER THE PRIOR THRID PARTY ACTION IN WISCONSIN

The Motions for Dismissal of all the Defendants  were governed by FRCP

Rule 12(b)(6).    Under the traditional rule, when "considering a Fed.R.Civ.P.

12(b)(6) motion to dismiss, '[t]he district court must construe the complaint in a

light most favorable to the plaintiff, accept all of the factual allegations as true, and

determine whether the plaintiff undoubtedly can prove no set of facts in support of

his claims that would entitle him to relief.' " *Amadasu v. The Christ Hosp.,* 514

F.3d 504, 506 (6th Cir. 2008), quoting *Columbia Natural Res., Inc. v. Tatum,* 58

F.3d 1101, 1109 (6th Cir. 1995).  This rule applies in bankruptcy also.

Courts cannot consider matters outside of the four corners of the complaint on a

Rule 12(b)(6) motion to dismiss. *Applied Underwriters, Inc. v. Lichtenegger,* 913

F.3d 884, 895 (9th Cir. 2019) (declining to consider plaintiff's allegations in

opposition to motion to dismiss which were not included in complaint); *Arpin v.*

*Santa Clara Valley Transp. Agency,* 261 F.3d 912, 925 (9th Cir. 2001)

("[E]xtraneous evidence should not be considered in ruling on a motion to

dismiss").  The lower court considered all the extraneous evidence in ruling on a

motion and this was error.

5

In order to survive a Rule 12(b)(6) motion, a plaintiff must provide the grounds of

his entitlement to relief. This requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp.*

*v. Twombly*  550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.,* 631

F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

 In Twombly, the Supreme Court emphasized that even though a complaint need

not contain "detailed" factual allegations, its "[f]actual allegations must be enough

to raise a right to relief above the speculative level on the assumption that all the

allegations in the complaint are true*." Twombly*, 127 S.Ct. at 1964-65 (internal

citation and quotation marks omitted). In so holding, the Court disavowed the oft-

quoted Rule 12(b)(6) standard *of Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct.

99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should

not be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him

to relief").

Mr. Moore Thirteenth Cause of Action for Interference with Prospective Business

Advantage  plead new facts which occurred after the termination of the Wisconsin

action. ( Complaint ECF 1)  The Wisconsin action concluded in 12014.

6

At Paragraph 134 of the Complaint Mr. Moore plead that in "late 2015" he was engaged in confidential talks with a multinational company for the use of the real property. During this time the Defendants became aware of this and began to claim ownership of the property. The multinational corporation decided to suspend talks specifically because of the obstacles to them leasing the property. The Defendants would not permit the prospective lessors to enter the property and at Paragraph 141 of the Complaint (ECF 1)  Mr. Moore alleged the defendants and their agents padlocked the property not allowing anyone to enter. This cause Mr. Moore to lose this prospective business opportunity. ***This applies to the Conversion and Trespass to Chattel causes of action also. These facts occurred after 2014.***

These allegations are sufficient to plead a cause of action for Interference  with Prospective Business Advantage in Wisconsin and California.

In *Shank V. William Hague Inc* 192 Fed. 3rd 675 (1969  )  the Seventh Circuit defined what a Plaintiff must plead to survive a motion to dismiss. "Wisconsin law "protects legitimate competition from predatory tactics by subjecting anyone who wrongfully interferes with existing or prospective contractual relations to liability." *Pure Milk Prods. Coop. v. National Farmers Org*]280 N.W.2d 691, 698 (1979).

To that end, Wisconsin "recognizes as a cause of action the tortious interference with existing and prospective contractual relations." *Duct-O-Wire Co. v. U.S. Crane, Inc.*, 31 F.3d 506, 509 (7th Cir.1994) (applying Wisconsin law);  see also *Cudd v. Crownhart*, 122 Wis.2d 656, 364 N.W.2d 158, 160 (1985) (noting that a plaintiff has a cause of action under Wisconsin law to protect against "interference with existing contractual relations and for tortious interference with prospective contractual relations").

To prevail on a tortious interference claim under Wisconsin law, a plaintiff must satisfy five elements:  (1) an actual or prospective contract existed between the plaintiff and a third party;  (2) the defendant interfered with that contract or prospective contract;  (3) the interference was intentional;  (4) the interference caused the plaintiff to sustain damages;  and (5) the defendant was not justified or privileged to interfere.   See *Duct-O-Wire,* 31 F.3d at 509. If the Bankruptcy Court viewed this as a California tort, the allegations needed are virtually the same. " "Intentional interference with prospective economic advantage has five elements: (1) the existence, between the plaintiff and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentionally wrongful acts designed to disrupt the relationship; (4) actual disruption of the

relationship; and (5) economic harm proximately caused by the defendant's

action." (*Roy Allan Slurry Seal, Inc. v. American Asphalt South,* Inc. (2017) 2

Cal.5th 505

   Mr. Moore' s facts detailed a Cause of Action for Interference with

Prospective Business Advantage, if the allegations were taken as true.  They were

not. "Dismissal with prejudice and without leave to amend is not appropriate

unless it is clear on de novo review that the complaint could not be saved by

amendment."); *AE ex rel. Hernandez v. County of Tulare,* 666 F.3d 631, 636 (9th

Cir. 2012)*; Jewel v. Nat'l Sec. Agency,* 673 F.3d 902, 903 n.3 (9th Cir.

2011); *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061

(9th Cir. 2004).    Dismissal of a pro se complaint without leave to amend is

proper only if it is clear that the deficiencies of the complaint could not be cured by

amendment.  *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir. 1995*);  Flowers v.

First Hawaiian Bank,* 295 F.3d 966, 976 (9th Cir. 2002) (noting that court is

cautious in approving a district court's decision to deny pro se litigant leave to

amend). Under this standard the Bankruptcy Court erred in dismissing this cause of

action with prejudice as to the seven defendants and it was improper as to the

remaining three defendants.

## B.   THE CAUSES OF ACTION WERE ALL TIMELY BECAUSE MR. MOORE HAD TWO BANKRUPTCIES DURING THIS PERIOD AND THAT TOLLED THE STATUTES OF LIMITATION

The Bankruptcy Court dismissed the first seven defendants as to all causes of action as time barred.  This is despite the exact wording of the US Bankruptcy Statute

11 U.S. Code § 108 - Extension of time

(a)  If applicable non-bankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

 (1)   the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

 (2)   two years after the order for relief.

(b)  Except as provided in subsection (a) of this section, if applicable non bankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period

has not expired before the date of the filing of the petition, the trustee may only

file, cure, or perform, as the case may be, before the later of—

    (1)   the end of such period, including any suspension of such period

occurring on or after the commencement of the case; or

    (2)   60 days after the order for relief.

(c)   Except as provided in section 524 of this title, if applicable non-bankruptcy

law, an order entered in a non-bankruptcy proceeding, or an agreement fixes a

period for commencing or continuing a civil action in a court other than a

bankruptcy court on a claim against the debtor, or against an individual with

respect to which such individual is protected under section 1201 or 1301 of this

title, and such period has not expired before the date of the filing of

the petition, then such period does not expire until the later of—

    (1)   the end of such period, including any suspension of such period

occurring on or after the commencement of the case; or

    (2)   30 days after notice of the termination or expiration of the stay under

section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to

such claim.

The bankruptcy court's interpretation of the bankruptcy code is reviewed de novo.  See Matter of 8Speed8, Inc., 921 F.3d 1193, 1195 (9th Cir. 2019)

The bankruptcy court's interpretation of state law is reviewed de novo. *See In re Brace*, 979 F.3d 1228, 1232 (9th Cir. 2020) whether a claim is barred by a statute of limitations is reviewed de novo. *See Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 n.5 (9th Cir. 2019) (per curiam); *Avila v. Spokane Sch. Dist. 81*, 852 F.3d 936, 939 (9th Cir. 2017); *Rouse v. United States Dep't of State*, 567 F.3d 408, 415 (9th Cir. 2009); *Oja v. U.S. Army Corps of Engineers*, 440 F.3d 1122, 1127 (9th Cir. 2006).  A ruling on the appropriate statute of limitations is a question of law reviewed de novo.  *Northwest Airlines, Inc. v. Camacho*, 296 F.3d 787, 789 (9th Cir. 2002). When the statute of limitations begins to run is a question of law reviewed de novo. *See MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1125 (9th Cir. 2013)   Whether an action is governed by an analogous limitations period is a legal conclusion reviewed de novo. *See Livingston Sch. Dist. v. Keenan*, 82 F.3d 912, 915 (9th Cir. 1996); *Telink, Inc. v. United States*, 24 F.3d 42, 46 (9th Cir. 1994).

The Court took into account the tolling of any limitation's statutes under both California and Wisconsin law but only as to Mr. Moore's current bankruptcy only which opened in August 3, 2017 and remains open.  Mr. Moore had another bankruptcy opened in October 27, 2016 closing on February 6, 2017.

12

The statutes of limitations is *paused* under §108 as a result of the bankruptcies.

Section 108 of the Bankruptcy Code can be summarized or simplified as follows:

If applicable non-bankruptcy law fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of: (1) the end of such period; or (2) 30 days after notice of the termination or expiration of the stay.   The lower court used both the California and the Wisconsin statutes of limitations in its calculation.

This was error.   Mr. Moore's second bankruptcy is still open today.

First of all, the Complaint alleged thirteen causes of action:

[1] Constructive Fraud under Wis. Stat. § § 895.446, 943.20.49 and "federal RICO statutes," against all defendants [Complaint ¶¶ 38-49];

The lower court found this cause of action timely.

[2] Slander of Title under Wis. Stat. § 706.13(1), against all defendants [Complaint ¶¶ 51- 59];

*This is a continuing violation.*

[3] Quiet Title against all defendants [Complaint ¶¶ 61-68];

*This is a continuing violation.*

[4] Conversion under California law, against all defendants [Complaint, ¶¶ 70-77];

[5] Trespass to Chattel against all defendants [Complaint, ¶¶ 79-84];

These two are continuing violations.  The lower court found these causes of action timely.

[6] Unfair Business Practices in Violation of 15 U.S.C. § 1125(a)(2) and Wis. Stat. § 100.18 against all defendants [Complaint, ¶¶ 86-89];

The court found this timely.

[7] Trade Libel against all defendants [Complaint, ¶¶ 91-99];

[8] Misappropriation of Trade Secrets against all defendants [Complaint, ¶¶ 101-103];

[9] Defamation against all defendants [Complaint, ¶¶ 105-112];

*These are continuing violations.*

However the lower court found these time barred, based upon conversion.  This is error.  The court found the other causes of action timely.

[10] Violation of 18 U.S.C. § 1961 and Wis. Stat. § 946.82 and "RICO," against all defendants [Complaint, ¶¶ 114-122];   These acts occurred after 2014.

[11] Breach of Implied Contract against all defendants [Complaint, ¶¶ 124-128];

The court found these two causes of action timely.

[12] Negligence against all defendants [Complaint, ¶¶ 130-133];

*Ignored by the Court. ( emphasis added)*

[13]  Interference with Prospective Business Advantage.

*Ignored by the court.  (emphasis added)*

None of the causes of action expired before the filing of each of the bankruptcies.

## C.  APPELLANT  COULD PLEAD ONLY WHAT HE KNEW AND INVESTIGATED ON SOME OF DEFENDANTS BECAUSE DEFENDANTS HAD POSSESSION AND CONTROL OF ALL DOCUMENTATION AND THE COURT ERRED IN DISMISSING HIS CAUSES OF ACTION FOR THIS

Mr. Moore's complaint was dismissed under FRCP 12 (b)(6). This was error.

This court reviews de novo dismissals based on the following: Failure to state a claim pursuant to Rule 12(b)(6).  *See Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021); *Bridge Aina Le'a, LLC v. Land Use Comm'n*, 950 F.3d 610, 624 (9th Cir. 2020), *cert. denied sub nom. Bridge Aina Le'a, LLC v. Hawaii Land Use Comm'n*, 141 S. Ct. 731 (2021); *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011); *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

It is well documented now that the Defendants took possession and control of Mr. Moore's radio station and tower which was located in two different properties, in the real property Mr. Moore's radio and business equipment was located as well as his client information, advertiser information, contracts, trade secrets, music in production, song writing, and many other sensitive and confidential types of information.

At Paragraph 40 of his Complaint Plaintiff alleged that sometime in February 2017 he became aware that his business properties were no longer located in the Locust or Capitol properties. On Paragraph 45 he alleged he began to get notices from the City of Milwaukee that inspectors were denied entry by the defendants.

Mr. Moore's complaint alleged conversion and trespass to chattel. Mr. Moore was without his business documents and his corporate documents to respond to some of the discovery. He therefore requested from the court to be provided with his documents from the Defendants. The Judge denied this request. This is problematic and practically assured the dismissal of his complaint.

In Federal Courts a motion to dismiss may be treated as a motion for summary judgment. In *Vorleamesi v. Esper*, 2021 WL 3681163 (D. Md. Aug. 19, 2021) (Grimm, J.), the Court explained and applied the rules governing conversion

of a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment when the movant has filed a motion to dismiss or, in the alternative, for summary judgment.

Fed.R.Civ.P. 12(d) states: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. *All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.*" [*emphasis added*].    Mr. Moore was denied this opportunity.

In *Vorleamesi,* the Court also explained the Rule 12(d) reasonable opportunity requirement.  There are two elements: notice of intent to convert the motion; and, a reasonable opportunity for discovery if requested.  Mr. Moore requested discovery and also his corporate, business, and personal papers and books were at the radio station which the defendants illegally took.  He was denied his request for the return of this property.

Motions to dismiss are motions for summary judgment in reality when the defendants use this procedure instead of answering the complaint and or providing disclosures.

//

//

FRCP  Rule 56. Summary Judgment states:

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) Procedures.

(1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:**

> **(1) defer considering the motion or deny it;**
>
> **(2) allow time to obtain affidavits or declarations or to take discovery; or**
>
> **(3) issue any other appropriate order.   (emphasis added)**

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party;or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter

an order stating any material fact — including an item of
damages or other relief — that is not genuinely in dispute and
treating the fact as established in the case.

(h) Affidavit or Declaration Submitted in Bad Faith. If
satisfied that an affidavit or declaration under this rule is
submitted in bad faith or solely for delay, the court — after
notice and a reasonable time to respond — may order the
submitting party to pay the other party the reasonable
expenses, including attorn

Fed.R.Civ.P. 12(d) states: "If, on a motion under Rule
12(b)(6) or 12(c), matters outside the pleadings are presented
to and not excluded by the court, the motion must be treated
as one for summary judgment under Rule 56. *All parties must
be given a reasonable opportunity to present all the material
that is pertinent to the motion.*"

The defendants here presented over 100 pages of documents attached to their

motion.  Therefore, this motion was a motion for summary judgment.  The lower

court knew this.  The lower court knew the allegations in the complaint were that

the defendants were in possession of documents and other evidence which severely

prejudiced Plaintiff's ability to present all the material pertinent to to oppose the

motion.   Therefore, this was error.

## D.    DISMISSAL UNDER FRBP RULE 41 WAS ERROR

The lower court dismissed the FAC under FRBP Rule 41 partially because the

Defendants brought and won a FRBP Motion under 9011.

This was error.  Defendant Jones admitted he owed Mr. Moore over $400,000.

Mr. Jones admitted this on the stand under oath in the Unlawful Detainer action

Mr. Moore brought in Wisconsin.  Moore vs. Jones, Under the terms of their original agreement Mr. Moore paid Jones $850,000 under contract for purchase of radio station equipment, and the equipment was stolen property and Jones had no right to it.   Jones, admit he owed Mr. Moore over $400,000 refund for cancellation of the sales agreement.

//

//

//

//

//

//

//

//

//

//

//

//

The Court knew this because Mr. Moore included Jones' testimony in his filings.

DISMISSAL UNDER RULE 41 The Remaining Defendants contend dismissal of the FAC pursuant to Rule 41(b) is appropriate based on Moore's disregard for orders of this Court. They contend he never paid the Rule 11 sanctions levied against him in the Sanctions Order and he filed his FAC 32 days after the deadline set in the Dismissal Order. Rule 41(b) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7041, provides that a defendant may move to dismiss an action if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is an extreme remedy and requires consideration of the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Failure to comply with an order to pay sanctions can warrant dismissal under Rule 41(b). Moore v. Yakima County, 945 F.2d 409 (9th Cir. 1991) (failure to pay Rule 11 sanctions); Subramanian v. QAD, Inc., 494 Fed. Appx. 826 (9th Cir. 2012) (failure to pay discovery sanctions and failure to prosecute).

The public interest in the court of law is to arrive at the truth so that justice can prevail.   A party does not merely have a right to have the substantive law correctly applied to true findings of fact; she has, more broadly, a right to a just verdict, where justice incorporates an ethical evaluation of the reasoning process which led to the verdict and is conceived as a relational concept that stresses the virtue of emphatic care. There is an important sense in which the court must not only find the truth to do justice, it must do justice in finding the truth.   "A Philosophy of Evidence Law: Justice in the Search for Truth " Oxford University Press

**FRBP Rule**

**9011. Signing of Papers; Representations to the Court; Sanctions; Verification and Copies of Papers**

> (a) Signature. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

> *(b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's*

*knowledge, information, and belief, formed after an*
*inquiry reasonable under the circumstances,—*[1]

(1) it is not being presented for any improper purpose,
such as to harass or to cause unnecessary delay or
needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions
therein are warranted by existing law or by a
nonfrivolous argument for the extension,
modification, or reversal of existing law or the
establishment of new law;

(3) the allegations and other factual contentions have
evidentiary support or, if specifically so identified, are
likely to have evidentiary support after a reasonable
opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on
the evidence or, if specifically so identified, are
reasonably based on a lack of information or belief.

(c) Sanctions. If, after notice and a reasonable
opportunity to respond, the court determines that
subdivision (b) has been violated, the court may,
subject to the conditions stated below, impose an
appropriate sanction upon the attorneys, law firms, or
parties that have violated subdivision (b) or are
responsible for the violation.

(1) *How Initiated.*

(A) *By Motion.* A motion for sanctions under this rule
shall be made separately from other motions or
requests and shall describe the specific conduct
alleged to violate subdivision (b). It shall be served as
provided in Rule 7004. The motion for sanctions may
not be filed with or presented to the court unless,
within 21 days after service of the motion (or such
other period as the court may prescribe), the
challenged paper, claim, defense, contention,

allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B) *On Court's Initiative*. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2) *Nature of Sanction; Limitations*. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(3) *Order*. When imposing sanctions, the court shall
describe the conduct determined to constitute a
violation of this rule and explain the basis for the
sanction imposed.

(d) Inapplicability To Discovery. Subdivisions (a)
through (c) of this rule do not apply to disclosures and
discovery requests, responses, objections, and motions
that are subject to the provisions of Rules 7026
through 7037.

(e) Verification. Except as otherwise specifically
provided by these rules, papers filed in a case under
the Code need not be verified. Whenever verification
is required by these rules, an unsworn declaration as
provided in 28 U.S.C. §1746 satisfies the requirement
of verification.

(f) Copies of Signed or Verified Papers. When these
rules require copies of a signed or verified paper, it
shall suffice if the original is signed or verified and
the copies are conformed to the original.

Mr. Moore alleged facts and circumstances that the defendant Jones

admitted in  the Unlawful Detainer action in Milwaukee that he owed Mr. Moore

$400,000. This was an asset of Mr. Moore's original Chapter 13.  The court erred

in allowing any FRBP 9011 sanctions imposed against Mr. Moore.  Additionally

the information supporting other causes of action some of which was in the hands

of the defendants.  The court knew this. The Wisconsin action concluded in 2014.

Many of the alleged facts in the Complaint and the First Amended Complaint

occurred well after this.

And finally, Mr. Moore was in bankruptcy.  Twice.   And this was caused in part

because of these defendants, and the court knew this also.   Mr. Moore was trying

to marshal these assets back into his estate for the benefit of the creditors.

**E.    THE LOWER COURT ERRED ON ISSUE AND CLAIM
PRECLUSION BECAUSE FIRST AMENDED COMPLAINT WAS ABOUT
THE RENTAL MONIES , THE DEBT OWED TO MR. MOORE AND THE
CONVERSION OF THE PERSONAL PROPERTIES VALUED IN THE
MILLIONS OF DOLLARS;  NOT THE REAL PROPERTY**

**1.   Claim Preclusion**

Under the doctrine of claim preclusion, "a final judgment on the merits" in a case

precludes a successive action between "identical parties or privies" concerning

"the same 'claim' or cause of action." *Wojciechowski v. Kohlberg Ventures, LLC,*

923 F.3d 685, 689 (9th Cir. 2019).

Claim preclusion precludes relitigation of claims that were raised or should have

been raised in earlier litigation. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465

U.S. 75(1984).

**2.   Issue Preclusion**

Issue preclusion, on the other hand, forecloses relitigation of factual or legal issues

that have been actually and necessarily decided in earlier litigation. *San Remo*

*Hotel, L.P. v. San Francisco City & Cty.*, 364 F.3d 1088, 1094 (9th Cir. 2004).

Whether claim preclusion bars a claim is reviewed de novo. *Wojciechowski*, 923

F.3d at 689; *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th

Cir. 2019); *NTCH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1180 (9th Cir. 2019).

The issues of conversion, trespass and interference happened after the

Milwaukee case concluded. They simply could not have been brought previously.

The FAC did not relitigate facts because those facts occurred after the Wisconsin

litigation concluded. The facts in the 13th cause of action occurred in 2017, as

plead. The Wisconsin action concluded in 2014. There is simply no issue or

claim preclusion applicable here. The lower court erred.

## F.   THE LOWER COURT DENIED MR. MOORE DUE PROCESS AND DISPLAYED BIAS

The lower court took supplemental jurisdiction to dismiss seven defendants then

declined to exercise supplemental jurisdiction on remaining three defendants

granting their motion to dismiss. This is bias shown by the court in favor of the

remaining three defendants. What other rational legal reason would apply?

## G.   DENIAL OF DISCOVERY RESULTED IN SUBSTANTIAL PREJUDICE

The Court knew that much of the evidence in this case was in the hands of

the defendants and yet the court did not allow any discovery and did not grant the

motion for the documents to be returned to Mr. Moore.  This was prejudice and prejudicial to this appellant.

The court of appeals reviews the district court's rulings concerning discovery for an abuse of discretion.  *See IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1119 (9th Cir. 2020); *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1070 (9th Cir. 2016); *Preminger v. Peake*, 552 F.3d 757, 768 n.10 (9th Cir. 2008); *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004).

"A district court is vested with broad discretion to permit or deny discovery, and a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) ; *California Dep't of Social Servs. v. Leavitt*, 523 F.3d 1025, 1031 (9th Cir. 2008); *Hall v. Norton*, 266 F.3d 969, 977 (9th Cir. 2001).

Prejudice means "pre-judging" something.   In general, it implies coming to a judgement on the subject based on false beliefs or before knowing where the preponderance of the evidence actually lies. Prejudice may involve discriminatory attitudes of individuals toward people or things or impairment to the rights of a party in a legal dispute.  And prejudice implies bias.  This court evidenced its bias in many ways as described in the arguments above.

These manifestations and orders which are prejudiced and biased on their face have caused Mr. Moore substantial and permanent harm.   This is error.   There is simply no reasoning in the lower court rulings.

## H.   THE LOWER COURT DENIED MR. MOORE DUE PROCESS AND HIS RIGHTS UNDER THE FIRST AMENDMENT TO HAVE A FREE AND BIASED COURT

The right of petition is expressly set out in the First Amendment:

"Congress shall make no law … abridging … the right of the people … to

 petition the Government for a redress of grievances."

The right to redress means the right to file a lawsuit amongst other things.

In *United Mine Workers of America v. Illinois State Bar Association* 389 US

217 (1967), the U.S. Supreme Court exalted the right as "among the most precious liberties safeguarded by the Bill of Rights" and implicit in "the very idea of government."   The Court deemed it a fundamental liberty, protected against encroachment by federal, state and local governments.    As Justice John Paul Stevens stressed in his dissent *Minnesota Board for Community Colleges  v. Knight*, 465 U.S. 271 (1984)  "The First Amendment was intended to secure something more than an exercise in futility."

"We start with the premise that the rights to assemble peaceably and to petition for a redress or grievances are among the most precious of the liberties safeguarded by

the Bill of Rights. These rights, moreover, are intimately connected both in origin and in purpose, with the other First Amendment rights of free speech and free press. 'All these, though not identical, are inseparable. " *Thomas v. Collins*, 323 U.S. 516,  (1945*); De Jonge v. State of Oregon,* 299 U.S. 353, 364, (1937).

The freedoms protected against federal encroachment by the First Amendment are entitled under the Fourteenth Amendment to the same protection from infringement by the States.   *New York Times Co. v. Sullivan*, 376 U.S. 254, (1964)

The US Supreme Court has recognized that lawsuits are petitions covered by the First Amendments right to petition and redress. *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508 (1972), and *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.,* 508 U.S. 49 (1993), Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731 (1983), *Sure-Tan, Inc. v. NLRB,* 467 U.S. 883, 896-97 (1984), and *BE & K Construction Co. v. NLRB,* 536 U.S. 516 (2002)

Dismissing an action when the Appellant has done nothing wrong deprives Appellant of his right to redress.   It deprives him of valuable time, money and effort and his only option is to seek remand  here in this Court, and loose more

time money and effort.   In addition to that witnesses are lost and  evidence is

destroyed.   The Appellant can never really be restored to his pre-appeal status.

Deprivations of fundamental rights such as the right for redress and a remedy are

not tolerated in this society, and this dismissal of the action should be remanded

with instructions that discovery should commence.

"Some form of hearing is required before an individual is finally deprived of a

property [or liberty] interest."     *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976).

This is a central premise in law.   "Parties whose rights are to be affected are

entitled to be heard." *Baldwin v. Hale,* 68 U.S. (1 Wall.) 223, 233 (1863)

This right is a "basic aspect of the duty of government to follow a fair

process of decision making when it acts to deprive a person of his possessions. The

purpose of this requirement is not only to ensure abstract fair play to the individual.

Its purpose, more particularly, is to protect his use and possession of property from

arbitrary encroachment . . . ." *Fuentes v. Shevin,* 407 U.S. 67, 80–81 (1972*). Joint

Anti-Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 170–71 (1951) (Justice

Frankfurter concurring). *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).   There

was no meaningful time and meaningful manner of hearing.

"Some form of hearing is required before an individual is finally deprived of a

property [or liberty] interest."     This right is a "basic aspect of the duty of

government to follow a fair process of decision making when it acts to deprive a person of his possessions. The purpose of this requirement is not only to ensure abstract fair play to the individual. Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment . . . ." Fuentes v. Shevin, 407 U.S. 67 (1972)  Thus, the notice of hearing and the opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1965).

The  Bankruptcy Court  here simply was not fair and denied Mr. Moore his rights under case law, statutory law and fairness.  Notice of hearing and the opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." Ex parte Virginia, 100 U.S. 339, 346 (1880).

 This was denied to the Appellant .    " Meaningful"  means  to allow the veracity and credibility of the parties to be tested in an open court.

In his famous speech and subsequent article   "SOME KIND OF HEARING" an expansion of the Owen J. Roberts Memorial Lecture delivered at the University of Pennsylvania Law School on April 3, 1975,   Judge Henry Friendly gave us the basic factors for the minimum  due process.

1. An unbiased tribunal.

2. Notice of the proposed action and the grounds asserted for it.

33

3.  Opportunity to present reasons why the proposed action should not be taken.

4.  The right to present evidence, including the right to call witnesses.

5.  The right to know opposing evidence.

6.  The right to cross-examine adverse witnesses.

7.  A decision based exclusively on the evidence presented.

8.  Opportunity to be represented by counsel.

9.  Requirement that the tribunal prepare a record of the evidence presented.

10.  Requirement that the tribunal prepare written findings of fact and reasons for its decision. None of these factors were ever considered by the Bankruptcy Court.

The court did not take as true the allegations of the complaint.

The court did not allow discovery when it knew (because of the allegations) that the defendants were in possession of Mr. Moore's business, corporate and personal documents personal property and papers.  The lower court did not consider the allegations were based upon facts which occurred well after the 2014 dismissal of the Wisconsin third party complaint, and therefore could not be claim or issue preclusion.  The lower court did not consider the defendant Jones, admitted he owed Mr. Moore $400,000 which prejudiced and deprived the bankruptcy estate. The lower court fined and sanctioned Mr. Moore for pleading allegations in which

the Defendant had admitted to.  The Court said it considered its action,  but an examination of the record reveals that it did not.  It simply had a tunnel vision bias regarding this Appellant, and no matter what the Mr. Moore  said the Court simply would not consider his filings and declarations. The law clearly states that the court is to favor the plaintiff's pleading, this court did not.    This is simply a basic denial of due process.  A District Court loses its appearance of fairness to the public when it follows this type of denying procedure.  There are many other considerations the Court could have made.

## III.

## CONCLUSION

Based on the foregoing reasons, Appellant respectfully request that this Honorable Court reverse the decision of the Bankruptcy Court and remand this matter for full and complete proceeding including full discovery and any other proceedings as this court deems just, lawful, and proper.

Respectfully Submitted

Dated :   August 8th , 2022

_____
IVAN RENE MOORE
Plaintiff-Appellant

35