REGIS A. GUERIN (SBN: 215170)
**THE GUERIN LAW FIRM**
4667 MacArthur Boulevard, #300
Newport Beach, California 92660
Telephone: (949) 520-1803
Facsimile:  (949) 520-1804
Email: regis@guerinlawyers.com

Attorneys for Specially Appearing Interested Parties
JERREL JONES; COURIER COMMUNICATIONS CORPORATION for itself and dba WNOV RADIO STATION; URBAN MARKETING GROUP, LLC; MILWAUKEE COURIER, INC.; ERNESTINE JONES; SANDRA ROBINSON-JONES; HOMER BLOW; SHERWIN HUGHES; NEW PITTS MORTUARY, LLC and MICHELLE LUCKETT PITTS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>IVAN RENE MOORE,<br><br>    DEBTOR.<br><br>IVAN RENE MOORE,<br><br>    Appellant,<br><br>vs.<br><br>RONALD HILLS; et al.<br><br>    Appellees | No.: 2:20-CV-10981-JWH<br><br>Bankruptcy Case No.: 1:17-bk-12071-MB<br>Adversary Case No.: 1:17-ap-01089-MB<br><br>ASSIGNED TO THE HONORABLE JOHN HOLCOMB<br><br>**REPLY OF SPECIALLY APPEARING INTERESTED PARTIES TO OPPOSITION OF APPELLANT IVAN RENE MOORE TO MOTION TO DISMISS APPEAL**<br><br>Hearing: TBD<br>Date:  TBD<br>Time: TBD |

Come now, Specially Appearing Interested Parties, Jerrel Jones; Courier Communications Corporation for itself and dba WNOV Radio Station; Urban Marketing Group, LLC; Milwaukee Courier, Inc.; Ernestine Jones; Sandra Robinson-Jones; Homer Blow; Sherwin Hughes; New Pitts Mortuary, LLC and Michelle Luckett Pitts, (collectively "Interested Parties"), and submit the following Reply to the Opposition of Ivan Rene ("Appellant" or "Moore") to Order to Show Cause re Dismissal for Lack of Prosecution of the Appeal.

-1-
REPLY TO OPPOSITION TO ORDER TO SHOW CAUSE

# MEMORANDUM OF LAW

## I. INTRODUCTION

Moore's frivolous appeal must be dismissed. To begin with, Moore failed to timely file his Opening Brief, as ordered by this Court on June 15, 2022, and under Rule 8018(a)(1) of the Federal Rules of Bankruptcy Procedure. Second, Moore's purported excuses for the failure to file his opening brief do not amount to excusable neglect, as he merely blames an unnamed "assistant" and also blames the incorrect caption for the "confusion." Moore's excuse becomes more dubious considering the fact that he was the cause of any confusion with the caption with his own filings in this case, wherein he stated that the interested parties were Ronald Hills and Devra Allen in several different pleadings. See Interested Parties Request for Judicial Notice ("RJN"), Exhibits 1-7 attached thereto. Finally, there is no jurisdiction over Interested Parties due to the fatal defect in Moore's Notice of Appeal. As such, this Court should dismiss the instant appeal.

## II. MOORE FAILED TO FILE HIS BRIEF TIMELY AND THE COURT SHOULD DISMISS THE FRIVOLOUS APPEAL

Moore failed to file his brief timely and in direct defiance of a Court Order to do so. This Court provided notice to Moore on June 15, 2022 that the bankruptcy record was complete, triggering the 30 day clock to file the brief. Moore failed to do so. Furthermore, Rule 8018(a)(1) of the Federal Rules of Bankruptcy Procedure provides:

> (a) Time to serve and file a brief
> The following rules apply unless the district court or BAP by order in a particular case excuses the filing of briefs or specifies different time limits:
> (1) The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically.

*Fed. Rules Bank. Proc., Rule* 8018.

/ / /

Therefore, based upon Moore's failure to timely file and serve his brief, the Court should dismiss the instant appeal.

### III. MOORE'S EXCUSE OF "CONFUSION" DUE TO THE CAPTION OF THE APPEAL WAS HIS OWN DOING

Moore claims that he failed to file his brief because of "confusion" with the caption of the appeal. This argument fails, as Moore was the cause of the confusion by filing several documents in the instant appeal with incorrect information. What is more, Moore attempted to blame the Court for purportedly altering his caption in the appeal:

> bearing Appeal case number: 2:20-CV-10981-JWH. Even though Appellant has been very diligent in the prosecuting his Appeal, on April 19, 2021, the District court presided by Hon. Judge John W. Holcomb, on information and belief, purposely, unlawfully, and knowingly proffer as Evidence of Appellees and thereafter altered Appellant's caption page as: *Moore v. Ronald Hills and Devra Allen as Appellees* when the United States District is knew or should have known that that *Ronald Hills and Devra Allen* are not Parties in Appellant's Adversary complaint and not parties in Appellant's appeal herein. Regrettably, Appellant respectfully call into question the United States District court mischaracterization of Appellant's Appellate caption page and seek an offer of proof as to why the Evidence of *Ronald Hills and Devra Allen as appellees in the* instant Appeal should not be withdrawn.
>
> substantial right of the party. (*Please see*, Federal Rule of Evidence 103.). In the present case, the court excluded Jerrel Jones; Courier Communication Corporation; Ernestine Jones; Sandra Robinson/Jones; Dave Janzen; Homer Blow; Michelle Luckett Pitts; The New Pitts Mortuary; Sherwin Hughes; WNOV-AM Radio Station; The Milwaukee Courier; Bill Stewart; Urban Marketing; Samuel Taylor; Maureen Brooks; Tony Trujillo; and Does 1 thru rough 50, inclusive, **also known as** *Jones. et.al. but.* instead added Ronald Hills and Devra Allen as Appellees.

See RJN, Exhibit "5" attached thereto.

/ / /

Thus, Moore attempts to claim that the Court "purposely, unlawfully, and knowingly…altered Appellant's caption page" and that the Court "added Ronald Hills and Devra Allan as Appellees." This is an absolute fabrication and an intolerable attack on the integrity of the Court, especially considering Moore's own Notice of Appeal was the genesis of the "confusion." The Notice of Appeal, prepared by Moore, plainly states that the parties to the appeal are Ronald Hills and Devra Allen:

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (*attach additional pages if necessary*):

1. Party: Ronald Hills
   Attorney:
   1236 Redondo Blvd
   Los Angeles, California 90019

2. Party: Devra Allen
   Attorney:
   6230 Wilshire Blvd Unit 1111
   Los Angeles, Ca 90048

See RJN, Exhibit "1" attached thereto.

Moore compounded the problem by filing a Notice of Interested Parties on December 16, 2020 stating that the interested parties were Ronald Hills and Devra Allen. See RJN, Exhibit "2" attached thereto. In Moore's May 3, 2021 filing, for the first time Moore claims that "There is no case Moore v Hills and Allen 2:20-cv- 10981 JWH [sic]." However, this document was never served on Interested Parties and was in fact served on Hills and Allen. See RJN, Exhibit "3" attached thereto.

On May 3, 2021, Moore also filed "Appellant Moore's Logging [sic] of Transcript with the District Court for [sic] Appeal" wherein said document was not served on Interested Parties, but instead on Hills and Allen. See RJN, Exhibit "4" attached thereto.

/ / /

As discussed above, On May 25, 2021, Moore impugned the integrity of this Court by alleging that the Court itself altered his caption, despite the fact that he was responsible for his own errors. Astonishingly, this document was not even served on Interested Parties, but was served, again on Hills and Allen. See RJN, Exhibit "5" attached thereto.

Moore's claim is that the failure to file his brief was due to excusable neglect, claiming he never received "the notice of the date for the filing of Appellant's Opening Brief" and pawning off responsibility for the error on his unnamed assistant. However, based upon all of the filings preceding Moore's Opposition to the Order to Show Cause, Moore's neglect cannot be considered excusable. Clearly, the Court provided notice to Moore of the Notice Re: Bankruptcy Record Complete (RJN, Exhibit "6") and failed to act upon it. There is no excusable neglect.

Second, Moore claims his unnamed assistant "…did mention the appeal in Moore v. Hills" (See Moore's Declaration, ¶ 14) and that he "…did forget to cross reference the Moore v Hills related to the Moore v Jones appeal [sic]." This is utter nonsense considering that Moore: (1) filed the Notice of Appeal naming Hills and Allen as parties; (2) filed a Notice of Interested Parties naming Hills and Allen as the only interested parties; (3) blamed the Court for "altering" the caption; (4) served several documents in the case on Hills and Allen, while failing to serve any documents on Interested Parties; and (5) purportedly hired his "assistant" well after filing several documents in this appeal naming and serving only Hills and Allen as parties.

Under these circumstances, it is clear that Moore's declaration[1] is nothing more than a fabricated, fictional and false account of "facts" in an attempt to hoodwink this Court into providing him an escape ladder for his numerous blunders in prosecution of this appeal. Justice and equity demand that this Court dismiss the appeal.

/ / /

---

[1] Despite claiming to have served counsel for Interested Parties with Moore's Opposition, it was not received by counsel for Interested Parties. Counsel for Interested Parties checked the docket in this case on August 31, 2022 and discovered the filings.

## IV. THE APPEAL MUST BE DISMISSED AS THERE IS NO JURISDICTION OVER INTERESTED PARTIES

Rule 1, (8001) of the Local Rules of the United States District Court for the Central District of California provides, in pertinent part:

> This Chapter of the Local Rules governs bankruptcy appeals…
>
> ***
>
> Unless the Federal Rules of Bankruptcy Procedure or these Local Rules state otherwise, the Federal Rules of Appellate Procedure, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Ninth Circuit Rules shall apply.

*C.D. Cal. L. Bankr. R. 1*.

Therefore, the Federal Rules of Appellate Procedure are applicable to the instant appeal. Federal Rule of Appellate Procedure Rule 3(c) lists the information that a notice of appeal must contain. Although these notice requirements "should be liberally construed," *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004), they are "**jurisdictional requirements" that we "may not waive,**" *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988) (emphasis added).

Rule 3(c)(1)(A) describes the party information that must be included in a notice of appeal:

> The notice of appeal must ... specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X".

The requirement that the parties appealing clearly identify themselves serves an important purpose. As courts have explained before, it "provide[s] notice to the court and to the opposing parties of the identity of the appellant or appellants, permitting the court and the opposition to know, for example, which parties are bound by the district court's judgment or which parties may be held liable for costs or sanctions on the

appeal." *Baylis v. Marriott Corp.*, 906 F.2d 874, 877 (2d Cir. 1990); accord *Torres*, 487 U.S. at 318, ("The purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants."). Without that notice requirement, a "party could sit on the fence, await the outcome, and opt to participate only if it was favorable." *Gonzalez v. Thaler*, 565 U.S. 134, 148 (2012).

In the present case, the Notice of Appeal and Notice of interested parties both state that Ronald Hills and Devra Allen are parties to the appeal and appellants. This is a jurisdictional defect that may not be waived. Moore's Notice of Appeal is irrevocably defective and this Court should also exercise discretion to dismiss the appeal on the basis that there is no jurisdiction over Interested Parties.

## V. CONCLUSION

Based upon the foregoing, Appellees respectfully request that this Court dismiss the instant appeal.

Dated: August 31, 2022                    **THE GUERIN LAW FIRM**

                                          By: _____
                                          REGIS A. GUERIN
                                          Attorneys for Specially Appearing
                                          Interested Parties JERREL JONES;
                                          COURIER COMMUNICATIONS
                                          CORPORATION for itself and dba
                                          WNOV RADIO STATION; URBAN
                                          MARKETING GROUP, LLC;
                                          MILWAUKEE COURIER, INC.;
                                          ERNESTINE JONES; SANDRA
                                          ROBINSON-JONES; HOMER BLOW;
                                          SHERWIN HUGHES; NEW PITTS
                                          MORTUARY, LLC and MICHELLE
                                          LUCKETT PITTS

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Newport Beach, County of Orange, State of California. I am over the age of 18 years and not a party to this action. My business address is 4667 MacArthur Boulevard, #300, Newport Beach, California 92660. On the date set forth below, I served the following document(s) on the person(s) below, as follows:

**DOCUMENT(S) SERVED:** REPLY OF SPECIALLY APPEARING INTERESTED PARTIES TO OPPOSITION OF APPELLANT IVAN RENE MOORE TO MOTION TO DISMISS APPEAL; REQUEST FOR JUDICIAL NOTICE.

**SERVED UPON:**

Ivan Rene Moore
20929 Ventura Blvd., #47
Woodland Hills, CA 91364

[X] (BY U.S. MAIL) I enclosed the above-referenced document(s) in a sealed envelope or package addressed to the persons listed on the service list and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. The envelope or package was placed in the mail in Orange County, CA.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 31, 2022 at Newport Beach, California.

_____
JACLYN MARTINEZ

-1-

PROOF OF SERVICE